# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LPP MORTGAGE, LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 06-CV-1032-WDS |
| LEANETTE OWENS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for partial summary judgment (Doc. 35), to which defendants have not responded. Plaintiff asks this Court to grant summary judgment on Counts I through IV and on Counts VII through X of its complaint in the amount of $131,842.98, plus interest, attorney's fees, costs, and post-judgment interest.

## BACKGROUND

The relevant, undisputed[1] events leading up to this lawsuit are as follows:

1. On September 13, 1994, the United States Small Business Administration (SBA) entered into two loan authorizations and agreements with Golf Management Enterprises, Inc. The defendants are individuals who were each affiliated with Golf Management and guaranteed loans for Golf Management with the SBA.

2. Golf Management returned a promissory note for the first loan payable to the order of the SBA for $397,100.00, plus interest at four percent (4%) per annum.

3. Golf Management returned a promissory note for the second loan payable to the order

---

[1] Because the defendants did not respond to plaintiff's partial motion for summary judgment, the Court adopts plaintiff's statement of uncontroverted facts.

of the SBA for $105,100.00, plus interest at four percent (4%) per annum.

4. Each of the named defendants[2] provided a personal guaranty[3] to the SBA on each of those loans, secured by real property located in both Missouri and Illinois.

5. On June 29 and July 3, 2001, the SBA assigned its interest in the loans and notes, as well as defendants' personal guaranties to LLP Mortgage LTD. (LLP).

6. Golf Management defaulted on both of the loans. Golf Management filed a bankruptcy petition on June 19, 2006 in the Southern District of Illinois.

7. On June 29, 2007, LLP foreclosed on and purchased the property located at 14805 Grantley Drive, Chesterfield, MO, 63017 for the amount of $243,000.00. This property had been owned by defendants Barbara and Michael Taylor and was pledged as part of their personal guarantee. The money recouped from this foreclosure was used to pay off the amount due and owing under the second note, in full, and a portion of the amount due under the first note.

7. As of December 19, 2007, $78,624.75 in principal, $646.23 in interest, legal fees and costs remain due on the first loan.

8. As of December 20, 2007, LLP has incurred $52,572.00 in attorney fees, all as more fully set forth in the verified affidavit of Jamie L. Boyer, who is with the law firm of Stinson Morrison Hecker LLP (SMH), and is an attorneys for plaintiff LLP Mortgage, Ltd..

9. In addition, SMH has incurred $4,032.67 in expenses in this case.

---

[2]Leanette Owens, Riley L. Owens, III, Janet L. Rattler, Dwight Rattler, Barbara E. Taylor, Michael E. Taylor, Veria Williams, Willie Williams, Phyllis Savage, and Theodore Savage, Jr.

[3]The guaranties provided that each defendant "unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor . . . ."

## ANALYSIS

A district court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c): *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as a matter of law. *See, Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1999) (citing *Celotex*, 477 U.S. at 323).

Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. *See, id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In ruling on a motion for summary judgment, the Court will not resolve factual disputes, weigh conflicting evidence, or make credibility determinations. *See, Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001); *Miranda v. Wis. Power & Light Co.*, 91 F.3d 1011, 1014 (7th Cir. 1996).

The record does not establish where the guaranty contracts at issue in this case were executed. However, it is clear from the record that the defendants pledged property situated in either Illinois or Missouri as collateral for their personal guarantees. Other than the location of the collateral property, the record fails to demonstrate whether the guaranty contracts were

executed in Illinois or Missouri. As the following discussion explains, however, the result is the same whether the Court applies Illinois or Missouri law.

Four defendants pledged properties located in Illinois as collateral for their personal guarantees.[4] Under Illinois law, courts interpret guaranty contracts under general principles of contract construction. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Schulson*, 714 N.E.2d 20, 24 (citations omitted). Where a guaranty is unequivocal, the court must carry out the guaranty in accordance with its language. *McLean County Bank v. Brokaw*, 519 N.E.2d 453, 456 (1988).

The guarantees in this case "unconditionally" guaranteed[5] that the defendants would pay the sums due and owing under the SBA loan contract with interest. The defendants failed to pay the sums due and owing on the first SBA loan and, therefore, were in default under the terms of their guarantees. By failing to respond to plaintiff's partial motion for summary judgment, defendants have not presented to the court any facts that would create a genuine issue of material fact. Plaintiff has, however, established sufficient facts in the record to demonstrate that defendants controverted the terms of their guarantees and, therefore, plaintiff has established that it is entitled to recover on those guarantees under Illinois law. The Court notes that four defendants pledged properties located in Missouri as collateral for their personal guarantees,[6]

---

[4] (1) Leanette Owens - 5000 Elmijah, Centreville, IL 62207; (2) Riley Owens, III - 5000 Elmijah, Centreville, IL 62207; (3) Janet Rattler - 7 Chase Park Drive, Belleville, IL 62223; (4) Dwight Rattler - 7 Chase Park Drive, Belleville, IL 62223.

[5] The guaranties provided that each defendant "unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor . . . ."

[6] (1) Veria Williams - 1488 Asterwood, Chesterfield, MO 63017 and 5071 Minerva, St. Louis, Missouri 63113; (2) Willie Williams - 1488 Asterwood, Chesterfield, MO 63017 and 5071 Minerva, St. Louis, Missouri 63113; (3) Phyllis Savage - 1510 Mallard Landing Court, Chesterfield, MO 63107; (4) Theodore Savage, Jr. - 1510 Mallard Landing Court, Chesterfield, MO 63107

however, Missouri law is similar to that of Illinois and leads to the same result.[7]

Counts V and VI seek recovery on the personal guarantees of Barbara and Michael Taylor. As plaintiff noted, Barbara and Michael Taylor filed for Chapter 7 bankruptcy in the United State Bankruptcy Court for the Eastern District of Missouri. As the Court noted in its previous Order (Doc. 27), all matters have been stayed as to Barbara and Michael Taylor pending completion of their bankruptcy proceedings. Accordingly, the Court, *sua sponte*, **DISMISSES** Counts V and VI of the complaint. The Court grants plaintiff leave to reinstate its cause of action against defendants Barbara and Michael Taylor when the bankruptcy court lifts its stay.

## **CONCLUSION**

Upon review of the record, the Court **FINDS** that plaintiff has presented sufficient facts in this record for the Court to grant summary judgment on Counts I-IV and Counts VII-X of the complaint. Defendants have not responded, and therefore, have not presented a genuine issue of material fact and plaintiff is entitled to judgment as a matter of law on those counts. The Court **FINDS** that plaintiff has established that it is entitled to recover under the guaranty contracts that it obtained from defendants Leanette Owens, Riley Owens III, Janet Rattler, Dwight Rattler,

---

[7] To recover on the guaranties under Missouri law, plaintiff must demonstrate:

> (1) [T]hat the defendants executed the guaranties; (2) that the defendants unconditionally delivered the guaranties to the creditor; (3) that the creditor, in reliance on the guaranties, thereafter extended credit to the debtor; and (4) that there is currently due and owing some sum of money from the debtor to the creditor that the guaranties purport to cover.

*See ITT Commercial Fin. v. Mid-Am. Marine*, 854 S.W.2d 371, 382 (Mo. 1993). Plaintiff has demonstrated that it is entitled to recover on the defendants' guarantees. For example, plaintiff established that each of the defendants signed personal guarantees and unconditionally guaranteed repayment of both of the SBA loans. Based on those guarantees, the SBA loaned defendants over $500,000. The first SBA loan, which is covered by those guarantees, remains due and owing. The defendants have not raised any facts which would create a genuine issue of material fact on any of these issues.

Veria Williams, Willie Williams, Phyllis Savage, and Theodore Savage, Jr. Accordingly, the Court **GRANTS** plaintiff's partial motion for summary judgment.

Judgment is entered in favor of plaintiff LLP Mortgage, Ltd., and against defendants Leanette Owens, Riley Owens III, Janet Rattler, Dwight Rattler, Veria Williams, Willie Williams, Phyllis Savage, and Theodore Savage, Jr., jointly and severally on Counts I-IV and Counts VII-X, in the amount of $79,270.98 which is comprised of $78,624.23 in principal and $646.23 in interest.

The Court **FURTHER** enters judgment plaintiff LLP Mortgage, Ltd., and against defendants Leanette Owens, Riley Owens III, Janet Rattler, Dwight Rattler, Veria Williams, Willie Williams, Phyllis Savage, and Theodore Savage, Jr., jointly and severally in the amount of $52,572.00 in attorney fees.

The Court **FURTHER** awards plaintiff reasonable costs, and directs plaintiff to file a Bill of Costs with the Clerk of the Court.

The Court, *sua sponte*, **DISMISSES** Counts V and VI of the complaint against defendants Barbara Taylor and Michael Taylor. If the bankruptcy stay is lifted, the plaintiff may seek leave to reinstate its claims against Barbara Taylor or Michael Taylor.

The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**
    **DATED:** February 8, 2008.

                                             s/ WILLIAM D. STIEHL
                                                **DISTRICT JUDGE**