## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LLP MORTGAGE, LTD.,** | **)** |
| | **)** |
| **Plaintiff,** | **)** |
| | **)** |
| **v.** | **)**  **CAUSE NO. 06-CV-1032-WDS** |
| | **)** |
| **LEANETTE OWENS, et al.,** | **)** |
| | **)** |
| **Defendants.** | **)** |

## <u>ORDER OF JUDGMENT</u>

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion for judgment of foreclosure (Doc. 46) to which defendants have not filed objections. The motion was filed in response to the Court's Order of April 16, 2008, directing the parties to file briefs on the issue of whether the Court retained jurisdiction over the foreclosure counts (Counts XI and XII)(Doc. 44). To date, the defendants have not filed any pleadings in response, and the Court will consider the record as it currently stands. The Court **FINDS** that jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a)(1).

Upon review of the record, the Court **GRANTS** plaintiff's motion for judgment of foreclosure and for reasonable attorney fees, costs and expenses and **FINDS** as follows:

1. The United States Small Business Administration (SBA) made a loan to Golf Management Enterprise, Inc. (Golf Management).

2. In conjunction with the Loans, Golf Management executed and delivered a promissory note (Note I) payable to the order of the SBA in the amount of Three Hundred Ninety-Seven Thousand One Hundred Dollars ($397,100.00), plus interest at four percent (4%) per annum.

3. Golf Management also executed and delivered a second promissory note (Note II) payable to the order of the SBA in the amount of One Hundred Five Thousand One Hundred

dollars ($105,100.00), plus interest at four percent (4%) per annum.

4. Leanette Owens, Riley Owens, Janet Rattler and Dwight Rattler each provided the SBA with a personal guaranty for the notes, and each is jointly and severally liable for the full value of the notes.

5. As collateral for their personal guaranties, Leanette Owens and Riley Owens provided the SBA with a mortgage to real estate located at 5000 Elmijah, Centreville, Illinois, 62207.

6. As collateral for their personal guaranties, Janet Rattler and Dwight Rattler provided the SBA with a mortgage to real estate located at 7 Chase Park Drive, Belleville, Illinois 62223.

7. On June 29, 2001, the SBA assigned its interest in Loan I, Note I and the Guaranty Defendants' personal guaranties for Loan I to LLP Mortgage.

8. On July 3, 2001, the SBA assigned its interest in Loan II, Note II and the Guaranty Defendants' personal guaranties for Loan II to LLP Mortgage.

9. Golf Management defaulted on the Loans, and, on June 19, 2006, commenced a bankruptcy case in the United States Bankruptcy Court for the Southern District of Illinois.

10. On June 29, 2007, LLP Mortgage foreclosed on and purchased the property located at 14805 Grantley Drive, Chesterfield, MO 63017 for the amount of $243,000.00. This property was previously owned by Barbara and Michael Taylor and pledged by each of them as collateral for their personal guaranties.

11. The amount recouped from the foreclosure and purchase of the property located at 14805 Grantley Drive was used to pay off the amount due and owing under Note II in full, and a portion of the amount due and owing under Note I.

12. On September 11, 2007, LLP Mortgage held an Article 9 UCC sale on furniture, fixtures, and equipment owned by Golf Management, Inc., and received from a third party bidder

the amount of $10,000, which was used to pay off a portion of the amount due and owing under

Note I.

13. As of May 21, 2008, $78,624.75 in principal, $1,981.77 in interest, interest accruing

at the rate of 4% per annum ($8.63 per diem), legal fees and costs remain due on Note I.

14. By virtue of the mortgage and indebtedness thereby secured, LLP Mortgage has

valid and subsisting liens as follows:

> (a)     Common address:  7 Chase Park Drive, Belleville, Illinois 62223
>
> PART OF LOT 62 OF "FIRST ADDITION TO PARKMOOR", REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS 71 ON PAGE 78. . . EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING THE SURFACE OF SAID LAND AND ALL RIGHTS AND EASEMENTS IN FAVOR OF THE ESTATE OF SAID COAL, OIL, GAS AND OTHER MINERALS.
>
> Tax I.D. No.: 08-18-0-109-047
>
> (b)     Common address:  5000 Elmijah, Centreville, Illinois, 62207
>
> LOT #6, ELMIJAH PLAINS, SITUATED IN CENTREVILLE TOWNSHIP, ST. CLAIR COUNTY, ILLINOIS.
>
> Tax I.D. No.: 02-32-0-404-001

15. By virtue of the mortgages and the indebtedness thereby secured, as alleged in the

complaint, there is due from the Mortgagors to LLP Mortgage:

> (a)     For its own use and benefit for the costs of this suit:
>
> TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .          $4,032.73
>
> (b)     For the use and benefit of LLP Mortgage, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien payment of the items mentioned in subparagraph (a) of this paragraph:
>
> Unpaid principal balance . . . . . . . . . . . . . . . . . . . . $ 78,624.75
> Accrued interest at $8.63 per day due and
> unpaid as of May 21, 2008 . . . . . . . . . . . . . . . . . . . $   1,981.77

Plaintiff's attorney's fees . . . . . . . . . . . . . . . . . . . . $ 59,104.00
Total amount due to LLP Mortgage as of
May 21, 2008, exclusive of foreclosure costs . . . . . $139,710.52

(c)     In addition, LLP Mortgage may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, of foreclosure minutes and a title insurance policy.

(d)     Under the terms of the mortgage, all such advances, costs and other fees, expenses and disbursements are made a lien upon the mortgages real estates, and LLP Mortgage is entitled to recover all such advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which such advances are made.

(e)     To protect the lien of the mortgage, it may (or has) become necessary for LLP Mortgage to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f)     To protect and preserve the mortgaged real estate, it may also become necessary for LLP Mortgage to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g)     Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date such monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

16.  The names of the defendants personally liable for the deficiency, if any, are:

LEANETTE OWENS, RILEY OWENS, JANET RATTLER, and DWIGHT RATTLER.

17.  St. Clair County, Illinois has a valid lien on the above-described property for taxes for the year **2009**.  The property will be sold subject to the interest of St. Clair County, resulting from taxes, general or special, which are a valid lien against the property.

Therefore, the Court **GRANTS** LLP Mortgage's motion for judgment of foreclosure (Doc. 46) and **ENTERS JUDGMENT** in favor of LLP Mortgage and against Leanette Owens,

Riley Owens, Janet Rattler, and Dwight Rattler for **$139,710.52**.

The Court **FURTHER ORDERS**:

Unless defendants and their assigns and successors in interest to the above-described property pay to LLP Mortgage **within ten (10) days from the date this Order of Judgment is entered on the docket** the sum of $139,710.52 (plus attorney's fees and court costs with lawful interest to be computed thereon from this date until paid), the real estate described in paragraph 14 of this Order of Judgment shall be sold at public sale to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owning to St. Clair County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the St. Clair County Courthouse in the City of Belleville, Illinois.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of the sale, together with a description of the premises as referred to in paragraph 4 of this decree to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of such sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

This is a foreclosure of a mortgage of residential real estate.

Plaintiff or any of the parties to this cause may become the purchaser(s) at the sale. Upon such sale being made, the United States Marshal shall executed and deliver to the purchaser(s) a certificate of sale, and that certificate of purchase shall be freely assignable by endorsement thereon.

The amount required to redeem shall consist of the total balance due as declared above

plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end in this case on the later of (a) seven months after service of mortgagors, Leanette Owens, Riley Owens, Janet Rattler and Dwight Rattler, or (b) three months after the date of entry of judgment.

Out of the proceeds of the sale, the United States Marshal shall retain his disbursements and fees. Out of the *remainder* of the proceeds, the United States Marshal shall pay to LLP Mortgage, $139,710.52, together with lawful interest to be computed thereon to the date of this Order of Judgment and any court costs. The Marshal shall take receipts from the respective parties and file them with his Report of Sale to this Court. If the property sells for a sum more than sufficient to make the aforesaid payments, then after making the payments, the Marshal shall promptly bring the surplus into Court without delay for further distribution by Order of this Court.

From the date this Order of Judgment is entered *through* the 30th day after a foreclosure sale is confirmed by this Court, **THE MORTGAGOR SHALL BE ENTITLED TO RETAIN POSSESSION** of the above-described real estate. Thirty-one days after the foreclosure sale is confirmed, the holder of the certificate of sale shall be entitled to **IMMEDIATE POSSESSION**

6

of the real estate, upon payment of the sale purchase price, without notice to any party or further Order of the Court. The mortgagor shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgage so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this Order of Judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale of the real estate, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. Such conveyance shall be an entire bar of (a) all claims of parties to the foreclosure and (b) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies arising from the sale are insufficient to pay sums due to LLP Mortgage with interest after deducting the costs as discussed above, the United States Marshal shall specify the amount of said deficiency in his report.

The United States Marshal shall report his actions in this matter at the earliest possible time.

The Court hereby retains jurisdiction of the subject matter of this cause and the parties

thereto for the purpose of enforcing this Order of Judgment.

**IT IS SO ORDERED.**

**DATED**: **February 18, 2009**

<u>**s/ WILLIAM D. STIEHL**</u>
**DISTRICT JUDGE**